IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED MAR 25 2014
PATRICK KEANEY
Clerk, U.S. District Court
By_____ Deputy Clerk

RICK LEE BUCHANAN,
   Petitioner,

v.

MIKE ADDISON, Warden,
   Respondent.

Case No. CIV 13-196-RAW-KEW

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections, is incarcerated at Joseph Harp correctional Center in Lexington, Oklahoma. Although the petition is unclear, petitioner apparently is attacking his convictions in Wagoner County District Court Case No. CF-2009-393 for Lewd Molestation and in Muskogee County District Court Case No. CF-2010-1159 for Failure to Register as a Sex Offender. He has not filed a response to the respondent's motion.

The respondent alleges petitioner's claim concerning the Wagoner County conviction was filed beyond the one-year statute of limitations imposed by 28 U.S.C. § 2244(d). The record shows that on January 5, 2010, petitioner entered a plea of *nolo contendere* in Wagoner County District Court Case No. CF-2009-393. He did not seek to timely withdraw his plea or seek a direct appeal to the Oklahoma Court of Criminal Appeals, so his conviction became final on January 15, 2010, ten days after entry of the Judgment and Sentence. *See* Rule 4.2, *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App.; Okla. Stat. tit. 22, § 1051. Petitioner's statutory year for filing a habeas corpus petition began on January 16, 2010, the day after his conviction was final. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (the year begins to run the day after the judgment and sentence becomes final). Therefore, his deadline for filing the petition was January 16, 2011. *See* 28 U.S.C. § 2244(d)(1)(A). This habeas petition, filed on May 6, 2013, was untimely with

regard to the Wagoner County conviction, and there is no evidence that statutory or equitable tolling is applicable. Therefore, the claim is barred by the statute of limitations.

Regarding Muskogee County District Court Case No. CF-2010-1159, the respondent alleges petitioner has failed to exhaust his state remedies. The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

The record shows petitioner entered a plea of guilty in Muskogee County Case No. CF-2010-1159 on January 10, 2013. According to the Oklahoma State Courts Network at www.oscn.net, he filed a state petition for a writ of habeas corpus on October 30, 2013, but it apparently still is pending in the Muskogee County District Court. Therefore, petitioner's federal habeas claims concerning this conviction must be dismissed without prejudice as unexhausted.

**ACCORDINGLY**, the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus (Docket No. 7) is GRANTED. Petitioner's habeas claim regarding Wagoner County District Court Case No. CF-2009-393 is DISMISSED WITH PREJUDICE as barred by the statute of limitations, and petitioner's habeas claim concerning Muskogee County District Court Case No. CF-2010-1159 is DISMISSED WITHOUT PREJUDICE as unexhausted.

IT IS SO ORDERED this 25th day of March 2014.

*Ronald A. White*
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**